UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PAUL F. DOERING,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 5:16-CV-05016-JLV<br><br><br>ORDER GRANTING PETITIONER'S MOTION TO AMEND<br><br>DOCKET NO. 16 |

    This matter is before the court on petitioner Paul F. Doering's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 1. Mr. Doering now moves to amend his motion. See Docket No. 16. The United States of America (government) resists. See Docket No. 19. This matter has been referred to this magistrate judge by the Honorable Jeffrey L. Viken, Chief United States District Judge. See Docket No. 15.

    Motions to amend are freely granted when justice so requires. FED. R. CIV. P. 15(a). Leave to amend is denied only if evidence exists "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Roberson v. Hayti Police Dep't., 241 F.3d 992, 995 (8th Cir. 2001) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)); Ingrim v. State Farm

Fire & Casualty Co., 249 F.3d 743, 745 (8th Cir. 2001).  Motions to amend should be denied when the amendment would be futile.  Plymouth County, Iowa v. Merscorp, Inc., 774 F.3d 1155, 1160 (8th Cir. 2015); Becker v. Univ. of Neb. at Omaha, 191 F.3d 904, 908 (8th Cir. 1999) (citing Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1255 (8th Cir. 1994)).  The party opposing the amendment bears the burden of proving that some reason exists to deny leave to amend.  Roberson, 241 F.3d at 995; Sanders v. Clemco Indus., 823 F.2d 214 (8th Cir. 1987).

    Here, Mr. Doering wishes to assert an additional claim that a portion of the United States Sentencing Guidelines has been rendered unconstitutionally vague pursuant to the United States Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  See Docket No. 16-1.  Mr. Doering also seeks to delete one allegation he previously made as to ineffective assistance of counsel.  Id.  The government resists, arguing that the additional claim will be unavailing to Mr. Doering.  However, the government cites no case law indicating that Mr. Doering's claim is futile.  Instead, the best argument asserted by the government is that the Eighth Circuit has not yet addressed the application of Johnson to the USSG.

    The burden is on the government to demonstrate grounds why Mr. Doering should not be allowed to amend.  It has failed to carry that burden.  Accordingly, it is hereby

    ORDERED that Mr. Doering's motion to amend [Docket No. 16] is granted.  Mr. Doering shall file his amended motion and serve the government

therewith.  The government shall file a response to the amended motion within 30 days after service of the motion on it.

DATED this 24th day of June, 2016.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY
United States Magistrate Judge