UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| PAUL F. DOERING,<br><br>        Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | 5:16-CV-05016-JLV<br><br>ORDER STAYING CASE |

      This matter is before the court on petitioner Paul F. Doering's amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See Docket No. 23. Mr. Doering's motion is based in part on extending the Supreme Court's holding in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015), to the United States Sentencing Guidelines (USSG), which have similar wording to the statutory language addressed in Johnson. See Docket No. 23. The Johnson decision held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague. Johnson, 135 S. Ct. at 2557-58. The Johnson ruling is retroactively applicable to cases on collateral review. Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1268 (2016).

      The Armed Career Criminal Act considered in Johnson defined "violent felony" as an act that threatens "use of physical force against the person of

another," "is burglary, arson, or extortion," "involves use of explosives," or "otherwise involves conduct that presents a serious potential risk of physical injury to another." See 18 U.S.C. § 924(e)(2)(B). The last part of this definition—"otherwise . . ."—is known as the residual clause.

The wording of the residual clause is repeated in USSG § 4B1.2(a)(2), to which the commentary to USSG § 2K2.1 makes reference. See USSG § 2K2.1 cmt. 1. Courts of appeals are divided as to whether the holding of Johnson applies with equal force to the now-advisory USSG. See Donnell v. United States, 826 F.3d 1014 (8th Cir. 2016) (holding Johnson does not apply to the USSG). But see Blow v. United States, 2016 WL 3769712 at *2 (2d Cir. July 14, 2016) (*per curiam*); In re Hubbard, 825 F.3d 225, 235 (4th Cir. 2016); In re Encinias, 821 F.3d 1224, 1226 (10th Cir. 2016) (*per curiam*) (all holding that Johnson applies equally to the USSG § 4B1.2(a)(2) rendering that provision unconstitutional).

The Supreme Court has recently granted certiorari to review whether Johnson applies to USSG § 4B1.2(a)(2), and whether that application should apply retroactively to cases on collateral review like Mr. Doering's. See Beckles v. United States, Supreme Court Case No. 15-8544. The Beckles Court may resolve the law applicable to Mr. Doering's case in a way inconsistent with current Eighth Circuit precedent in Donnell (which would otherwise be binding on this court). The more prudent route is to stay this case until the Beckles decision is rendered. Accordingly, it is hereby

ORDERED that Paul Doering's amended motion pursuant to 28 U.S.C. § 2255 is stayed pending the United States Supreme Court's decision in <u>Beckles v. United States</u>, Supreme Court Case No. 15-8544.

DATED September 23, 2016.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge